UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>                                        Plaintiff,<br><br>              v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as Receiver for Washington Mutual Bank, and FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>                                        Defendants. | Case No. 1:13-cv-01997-RMC<br><br>Hon. Rosemary M. Collyer |

## JOINT REPORT ON LOCAL RULE 16.3 CONFERENCE

Pursuant to the Court's March 21, 2014 Order for Initial Scheduling Conference, Local Civil Rule 16.3, and Rule 26(f) of the Federal Rules of Civil Procedure, plaintiff JPMorgan Chase Bank, National Association ("JPMC") and defendants Federal Deposit Insurance Corporation, in its capacity as receiver for Washington Mutual Bank ("FDIC-Receiver") and Federal Deposit Insurance Corporation, in its Corporate capacity ("FDIC-Corporate") (collectively, the "Parties"), through their respective counsel, held a conference on April 8, 2014 (the "Conference"), and have conferred by email since that time.

Brent J. McIntosh of Sullivan & Cromwell LLP participated on behalf of plaintiff JPMC. Scott H. Christensen of Hughes Hubbard & Reed LLP participated on behalf of defendant FDIC-Receiver.  Daniel H. Kurtenbach participated on behalf of defendant FDIC-Corporate.

## JOINT STATEMENT OF THE CASE

The Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331, as well as over the Parties to this action.

On September 25, 2008, the Director of the Office of Thrift Supervision closed Washington Mutual Bank ("WMB") and appointed the FDIC-Receiver as receiver for WMB. On that same day, JPMC entered into a purchase and assumption agreement relating to assets and liabilities of WMB with FDIC-Receiver and FDIC-Corporate (the "P&A Agreement").

This action was brought by JPMC against FDIC-Receiver and FDIC-Corporate pursuant to Article XII of the P&A Agreement.

JPMC alleges claims against FDIC-Receiver for breach of contract and breach of the covenant of good faith and fair dealing based on allegations that FDIC-Receiver has not met its obligations to indemnify JPMC under the P&A Agreement.  JPMC also seeks a declaratory judgment that FDIC-Receiver is obligated under the P&A Agreement to indemnify JPMC for any further liabilities it may incur with respect to the matters identified in the Complaint.  In addition, JPMC seeks a declaratory judgment that FDIC-Corporate is obligated to JPMC for FDIC-Receiver's indemnification obligations under Article XII of the P&A Agreement to the extent FDIC-Receiver fails to fulfill any indemnification obligations.

FDIC-Receiver denies that it has any obligation to indemnify JPMC because the alleged liabilities described in JPMC's complaint were assumed by JPMC under the P&A Agreement and, therefore, are not liabilities for which JPMC may seek indemnification under Section 12.1 of the P&A Agreement.  FDIC-Receiver also asserted a counterclaim for indemnification against JPMC, alleging that JPMC has an obligation to indemnify FDIC-Receiver under Section 12.4 of the P&A Agreement as to all WMB liabilities assumed by JPMC, including the liabilities at issue

in JPMC's complaint.  FDIC-Corporate denies that JPMC has any basis for invoking the FDIC-

Corporate guaranty contained in Section 12.7 of the P&A Agreement.

The foregoing is without prejudice to any claim or defense of the Parties.

**REPORT ON SPECIFIC SUBJECTS DISCUSSED
BY THE PARTIES AT THE CONFERENCE**

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The Parties believe there is a reasonable possibility of disposing of at least a portion of

the case on a summary judgment motion.  The Parties further believe that there is a possibility

that the case or a portion of it may be disposed of pending the Court's decision interpreting the

P&A Agreement in the related action, *Deutsche Bank National Trust Co. v. FDIC*, No. 09-cv-

1656-RMC (D.D.C) ("Deutsche Bank").

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

At this time, the Parties do not anticipate adding any additional parties.  In the event that

the Parties seek to add parties or amend pleadings, the Parties agree to do so no later than forty-

five days before the close of discovery as determined by the Court.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to the assignment of this case to a magistrate judge.

4. **Whether there is a realistic possibility of settling the case.**

The Parties are open to settlement discussions, but at this time they believe that

settlement is not likely.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken**

- 3 -

**to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties are open to the possibility of ADR, but they do not believe that ADR would be productive at this time. The Parties are willing to consider ADR in the future if they conclude that there is a reasonable chance that it will be productive.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As discussed above, the Parties believe there is a reasonable possibility of determining some portion or perhaps the entirety of the case by a motion for summary judgment. The Parties believe, however, that any decision on the motions for summary judgment currently scheduled to be briefed within the next few months in *Deutsche Bank* will affect motions for summary judgment in this action. Therefore, the Parties propose that summary judgment motions be filed no later than:

| | |
|---|---|
| Summary Judgment Motions: | 60 days after close of all discovery or 60 days after a final decision on the motions for summary judgment in *Deutsche Bank*, whichever is later |
| Oppositions to Summary Judgment Motions: | 45 days after filing Summary judgment motions |
| Replies in Support of Summary Judgment Motions: | 30 days after filing oppositions |

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties believe that initial disclosures will facilitate discovery and expedite the case.

The Parties agree that initial disclosures shall be made on or before June 6, 2014. The Parties

agree that because the claim against FDIC-Corporate concerns only its guaranty of FDIC-

Receiver's indemnification obligation, if any, FDIC-Corporate need not make initial disclosures.

8.      **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Per the Court's order dated February 10, 2014, the Confidentiality Stipulation and Order

entered in *Deutsche Bank* on October 11, 2011 applies to discovery in this action as though it had

been entered herein.  If the Parties determine that additional protections are appropriate based on

the scope and content of discovery requests, the Parties will negotiate an appropriate

supplemental protective order and do not expect to require the Court's involvement in those

negotiations.

The Parties agree that fact discovery should commence following the Initial Scheduling

Conference and last for a period of 12 months, pursuant to the following schedule:

| | |
|---|---|
| Complete Document Discovery: | January 30, 2015 |
| Complete Fact Depositions: | May 1, 2015 |
| Close of Fact Discovery: | May 1, 2015 |

9.      **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties agree that expert discovery shall commence subsequent to the close of fact

discovery as follows:

| | |
|---|---|
| Disclosure of Opening Experts | May 1, 2015 |
| Initial Expert Reports | May 29, 2015 |
| Responsive or Rebuttal Reports | June 26, 2015 |
| Expert Depositions Complete | July 31, 2015 |

Notwithstanding any requirements that otherwise may exist at law or pursuant to the

Federal Rules, the Parties expressly agree that there shall be no exchange of draft expert reports.

This paragraph is in addition to, and is not intended to limit the applicability of, Rules

26(b)(3)(A) or (B) or 26(b)(4) of the Federal Rules of Civil Procedure.

**10.    In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The Parties agree that this provision is not applicable to this case.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties believe that general discovery regarding the question of the meaning of the

P&A Agreement should continue in the context of the *Deutsche Bank* action and that separate

discovery into the meaning of the P&A Agreement is not necessary here.

The Parties believe that discovery here should be limited to status of the specific

liabilities at issue in this action and in particular to what extent such liabilities were reflected on

the documents the Parties believe constitute the "Books and Records" of Washington Mutual

Bank, as set forth in the P&A Agreement.

With respect to bifurcation of trial, the Parties will consider the issue following the

resolution of any summary judgment motions.

**12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties agree that a pre-trial conference should be held at the Court's earliest

convenience following the resolution of summary judgment motions.

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties agree that a trial date should be set at the pre-trial conference at the earliest

date convenient to the Court at which the Parties' witnesses may be available.

**14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

There are no such additional matters of which the Parties are aware at this time.

Dated:   April 22, 2014                          Respectfully submitted,

                                        /s/ Brent J. McIntosh
                                        Brent J. McIntosh (D.C. Bar No. 991470)
                                        SULLIVAN & CROMWELL LLP
                                        1700 New York Avenue, N.W.
                                        Washington, D.C. 20006
                                        Telephone:  (202) 956-7500
                                        Facsimile:  (202) 293-6330
                                        Email:  mcintoshb@sullcrom.com

                                        Robert A. Sacks (D.D.C. Bar No. MI0069)
                                        Alexa Lawson-Remer (*pro hac vice*
                                        application forthcoming)
                                        SULLIVAN & CROMWELL LLP
                                        1888 Century Park East
                                        Los Angeles, California  90067
                                        Telephone:  (310) 712-6000
                                        Facsimile:  (310) 712-8800
                                        Email:  sacksr@sullcrom.com
                                        Email: lawsonr@sullcrom.com

                                        Jonathan M. Sedlak (*pro hac vice* application
                                        forthcoming)
                                        Alicia K. Amdur (*pro hac vice* application
                                        forthcoming)
                                        SULLIVAN & CROMWELL LLP
                                        125 Broad Street
                                        New York, NY 10004
                                        Telephone: (212) 558-4000
                                        Facsimile: (212) 558-3588
                                        Email: sedlakj@sullcrom.com
                                        Email: amdura@sullcrom.com

                                        *Counsel for Plaintiff JPMorgan Chase Bank,*
                                        *National Association*

| | /s/ Scott H. Christensen |
|---|---|
| Of Counsel: | Scott H. Christensen (D.C. Bar No. 476439) |
| | William R. Stein (D.C. Bar No. 304048) |
| Kathryn R. Norcross (D.C. Bar No. 398120) | Jason S. Cohen (D.C. Bar No. 501834) |
| Anne M. Devens | Kathleen M. Fones (D.C. Bar No. 974182) |
| Kaye A. Allison | HUGHES HUBBARD & REED LLP |
| FEDERAL DEPOSIT INSURANCE | 1775 I Street, N.W., Suite 600 |
| CORPORATION | Washington, D.C. 20006 |
| Commercial Litigation Unit | Telephone:  (202) 721-4600 |
| 3501 Fairfax Drive, Room VS-D-7062 | Facsimile:  (202) 721-4646 |
| Arlington, Virginia 22226 | Email:  christensen@hugheshubbard.com |
| Telephone: (703) 562-2204 | Email:  stein@hugheshubbard.com |
| Facsimile: (703) 562-2475 | Email:  cohenj@hugheshubbard.com |
| Email:  knorcross@fdic.gov | Email:  fones@hugheshubbard.com |
| Email:  adevens@fdic.gov | |
| Email:  kallison@fdic.gov | *Counsel for Defendant Federal Deposit* |
| | *Insurance Corporation in its capacity as* |
| | *Receiver for Washington Mutual Bank* |

| | /s/ Daniel H. Kurtenbach |
|---|---|
| | Daniel H. Kurtenbach (D.C. Bar No. 426590) |
| | FEDERAL DEPOSIT INSURANCE |
| | CORPORATION |
| | Corporate Litigation Unit |
| | 3501 Fairfax Drive, VS-D7026 |
| | Arlington, Virginia  22226 |
| | Telephone:  (703) 562-2465 |
| | Facsimile:  (703) 562-2477 |
| | Email:  dkurtenbach@fdic.gov |

*Counsel for Defendant Federal Deposit Insurance Corporation in its corporate capacity*